# Third District Court of Appeal

## State of Florida

Opinion filed March 1, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-402
Lower Tribunal No. 11-29646
_____


**Michael E. Tepedino,**
Petitioner,

vs.

**Yamineth Baker,**
Respondent.


A Case of Original Jurisdiction – Prohibition.

Orshan, Spann & Fernandez-Mesa, and Steven P. Spann, for petitioner.

Kenneth Kaplan, for respondent.


Before FERNANDEZ, LOGUE, and SCALES, JJ.

LOGUE, J.

Michael E. Tepedino, the Father, petitions for a writ of prohibition to prevent the trial court from hearing the Motion to Establish Time-Sharing filed by the Mother, Yamineth Baker. The Father contends that the motion improperly seeks to modify the parties' existing time-sharing schedule without properly complying with the pleading requirements of Florida Rule of Civil Procedure 1.110(h) and Florida Family Law Rule of Procedure 12.110. Even if such a pleading defect were a procedural barrier to the Mother obtaining the relief she seeks, an issue we do not reach, it does not go to the trial court's subject matter jurisdiction to review such motions. Where the trial court has subject matter jurisdiction, prohibition will not lie to prevent even an erroneous exercise of that jurisdiction which can be corrected on appeal, if necessary. See English v. McCrary, 348 So. 2d 293, 298-99 (Fla. 1977).

Dismissed.

SCALES, J., concurs.

FERNANDEZ, J., concurring.

Although I agree with the majority that prohibition does not lie under these circumstances, I write only to express one concern: a proceeding that flows from a motion to modify timesharing[1] after a final judgment has already established timesharing may result in a significant waste of judicial resources and of the parties' time. This is particularly true where an objection to the proceeding was properly raised. We have previously held that a trial court abuses its discretion when it proceeds on a motion for modification under circumstances that require the filing of a supplemental petition for modification pursuant to Florida Family Law Rule of Procedure 12.110. See Braswell v. Braswell, 935 So. 2d 604, 606 (Fla. 3d DCA 2006); Cuartas v. Cuartas, 951 So. 2d 980, 983-85 (Fla. 3d DCA 2007).

LOGUE, J., concurs.

---

[1] A motion to establish timesharing is no different than a motion to modify timesharing where a final judgment has already established timesharing.

3